

DANIEL G. BOGDEN
United States Attorney
District of Nevada
J. Gregory Damm
Crane M. Pomerantz
Assistant United States Attorneys
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
702-388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | SECOND SUPERSEDING CRIMINAL INDICTMENT |
| Plaintiff, | 2:13-CR-039-JAD-VCF |
| vs. | VIOLATIONS: |
| RAMON DESAGE, aka, RAMON ABI-RACHED, aka RAYMOND ANTOINE ABI-RACHED, PETER AKARAGIAN, and GARY PARKINSON, | 18 U.S.C. § 371, Conspiracy to Defraud the United States<br>18 U.S.C. § 1343, Wire Fraud<br>18 U.S.C. § 1957, Money Laundering<br>26 U.S.C. § 7201, Income Tax Evasion |
| Defendant(s). | |

**THE GRAND JURY CHARGES THAT:**

<u>**Count 1**</u>
**(Conspiracy to Defraud the United States)**

<u>The Conspiracy and Its Objects</u>

1.  From on or about at least January 1, 2006, and continuing thereafter until on or about at least October 20, 2010, in the state and District of Nevada and elsewhere, the defendants,

**RAMON DESAGE, aka, Ramon Abi-Rached, aka Raymond Antoine Abi-Rached,
PETER AKARAGIAN and
GARY PARKINSON,**

knowingly and willfully conspired and agreed together and with each other, (and with other persons both known and unknown to the grand jury), to defraud the United States by deceit, craft, trickery and dishonest means for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue, to wit: federal tax liabilities.

## Manner and Means of the Conspiracy

2.  It was part of the conspiracy that the defendants would by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the Internal Revenue Service, in that the defendants would make and cause to be made false entries into the RAMON DESAGE business books and records resulting in RAMON DESAGE personal expenses being classified as business expenses.

3.  It was a further part of the conspiracy that the defendants would make and cause to be made false entries into the RAMON DESAGE business books and records which excluded substantial income payments to said businesses resulting in an understatement of business gross receipts.

4.  It was a further part of the conspiracy that the defendants would pay or cause to be paid RAMON DESAGE personal expenses from RAMON DESAGE business accounts without recognizing the payment of these expenses as income to RAMON DESAGE.

5.  It was a further part of the conspiracy that the defendants, PETER AKARAGIAN and GARY PARKINSON, would falsely classify or cause to be classified clear RAMON DESAGE personal expenses as business expenses on RAMON DESAGE books and records.

Overt Acts

6. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Nevada and elsewhere:

(a) On or about August 10, 2007, the defendant, RAMON DESAGE filed his fraudulent 2006 Federal Income Tax Return.

(b) On or about August 29, 2008, the defendant, RAMON DESAGE filed his fraudulent 2007 Federal Income Tax Return.

(c) On or about September 8, 2009, the defendant, RAMON DESAGE filed his fraudulent 2008 Federal Income Tax Return.

(d) On or about October 20, 2010, the defendant, RAMON DESAGE filed his fraudulent 2009 Federal Income Tax Return.

## Counts Two through Twenty
### (Wire Fraud)

1. From on or about May 23, 2005, and continuing to on or about at least February 11, 2014, in the State and Federal District of Nevada,

**RAMON DESAGE,
aka Ramon Abi-Rached, aka Raymond Antoine Abi-Rached,**

defendant herein, did devise, intend to devise, and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice involved **RAMON DESAGE** fraudulently obtaining money from investors by falsely claiming that the money they provided to him would be used for business purposes, when in fact **RAMON DESAGE** intended to use the money primarily to pay off casino debts, pay back other investors, and otherwise enrich himself.

2. It was part of the scheme and artifice that:

   A. Desage represented to potential investors that he was in the wholesale distribution business, and that he was able to purchase luggage, hand soap and other assorted items at a discount and could resell these items at a substantial profit.

   B. In order to induce investors to provide him with substantial sums of money, Desage falsely represented that he would use their investments solely to purchase product for resale and for other business-related expenses, when he well knew that only a fraction of the investors' money, if any, would be used for the represented business purposes.

   C. Desage concealed from investors the fact that he would use their investments to pay off gambling debts at various Las Vegas casinos, to pay back other investors to whom he owed money for their investments, to pay for luxury personal items for himself and others, and to make payments to family members.

   D. Within days of receiving investments of several million dollars from different investors, Desage transferred portions of these funds to Las Vegas casinos to satisfy gambling debts, and to pay other investors to make it appear that he intended to pay them back in full, when he well knew that these payments were made to induce the investors to make larger investments with him.

   E. Between January 2005 and June 2012, Desage received approximately $190 million from investors, sent approximately $175 million to casinos for gambling purposes, and failed to repay his investors their principal and promised rates of return.

3. For the purpose of executing the scheme and artifice to defraud, and attempting to do so, on or about the dates set forth below,

**RAMON DESAGE,**
**aka Ramon Abi-Rached, aka Raymond Antoine Abi-Rached,**

defendant herein, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is, on the dates set forth below, Desage sent and received the communications described below, to and from the individuals and locations described below, with each wire transmission constituting a separate violation of Title 18, United States Code, Section 1343:

| Count | Investor | Date | Description of Wire Transmission |
|---|---|---|---|
| 2 | # 1 | 03/13/2009 | $700,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to Wynn Casino |
| 3 | # 1 | 03/13/2009 | $107,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to investor # 3 |
| 4 | # 1 | 09/30/2010 | $30,000 wire transfer out from Cadeau Acct # xxxxxx6157 at Bank of Nevada to investor # 3 |
| 5 | # 1 | 09/30/2010 | $420,000 wire transfer from Cadeau Acct # xxxxxxx6157 at Bank of Nevada to Las Vegas Sands |
| 6 | # 1 | 10/01/2010 | $30,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to investor # 3 |
| 7 | # 1 | 10/01/2010 | $50,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to Wynn Casino |
| 8 | # 1 | 10/01/2010 | $50,000 wire transfer from Cadeau Acct # xxx6157 at Bank of Nevada to Destron (MGM) |
| 9 | # 2 | 03/02/2009 | $2,650,000 wire transfer from investor # 2 to Cadeau Acct # xxxxxx6157 at Bank of Nevada |
| 10 | # 3 | 01/14/2010 | $1,750,000 wire transfer from investor # 3 to Cadeau Acct # xxxxxx6157 at Bank of Nevada |
| 11 | # 4 | 09/19/2011 | $3,250,000 wire transfer from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |
| 12 | # 4 | 09/20/2011 | $3,000,000 wire transfer from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |
| 13 | # 4 | 09/22/2011 | $2,000,000 wire transfer from investor # 4 to Beryt Acct # xxxxxx6408 at bank of Nevada |
| 14 | # 4 | 09/27/2011 | $1,200,000 wire from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |
| 15 | # 4 | 10/18/2011 | $2,000,000 wire from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |
| 16 | # 4 | 11/03/2011 | $12,000,000 wire from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |
| 17 | # 4 | 01/17/2012 | $10,500,000 wire from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |

| | | | |
|---|---|---|---|
| 18 | # 4 | 03/12/2012 | $7,000,000 wire from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |
| 19 | # 4 | 04/27/2012 | $4,500,000 wire from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |
| 20 | # 4 | 06/06/2012 | $3,500,000 wire from investor # 4 to Beryt Acct # xxxxxx6408 at Bank of Nevada |

### Counts Twenty-One through Forty-Eight
### (Money Laundering)

On or about the dates set forth below, in the District of Nevada, and elsewhere, the defendant, **RAMON DESAGE**, did knowingly engage and attempt to engage in the following monetary transactions by, through and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of funds, such property having been derived from a specified unlawful activity, that is, Wire Fraud.

| Count | Date | Monetary Transaction | Associated Wire Fraud Count(s) |
|---|---|---|---|
| 21 | 03/03/2009 | $130,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to Op-Biz, LLC (Planet Hollywood) | 9 |
| 22 | 03/03/2009 | $400,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to Wynn Casino | 9 |
| 23 | 01/15/2010 | $280,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to HRHH Gaming (Hard Rock) | 10 |
| 24 | 01/15/2010 | $500,000 wire transfer from Cadeau Acct # xxxxxx6157 at Bank of Nevada to Destron (MGM) | 10 |
| 25 | 09/20/2011 | $470,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Desert Palace DBA Caesar's Palace | 11 & 12 |
| 26 | 09/21/2011 | $1,170,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Wynn Casino | 11 & 12 |
| 27 | 09/22/2011 | $350,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Destron | 13 |
| 28 | 09/28/2011 | $100,000 wire transfer from Beryt Acct # xxxxxx6408 to Desage's brothers in Lebanon | 14 |
| 29 | 09/28/2011 | $480,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Green Valley Ranch Casino | 14 |
| 30 | 10/18/2011 | $600,000 transfer from Beryt Acct # xxxxxx6408 to Cadeau Acct # xxxxxx6157 at Bank of Nevada | 15 |

| 31 | 10/19/2011 | $625,000 Check #3230 on Cadeau Acct # xxxxxx6157 at Bank of Nevada payable to HF | 15 |
|---|---|---|---|
| 32 | 11/03/2011 | $150,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Wynn Casino | 16 |
| 33 | 11/04/2011 | $585,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Las Vegas Sands (Venetian Casino) | 16 |
| 34 | 11/08/2011 | $190,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Desert Palace dba Caesar's Palace | 16 |
| 35 | 01/20/2012 | $300,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Desert Palace dba Caesar's Palace | 17 |
| 36 | 01/20/2012 | $500,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Wynn Casino | 17 |
| 37 | 01/23/2012 | $700,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Wynn Casino | 17 |
| 38 | 03/13/2012 | $300,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Desert Palace dba Caesar's Palace | 18 |
| 39 | 03/13/2012 | $700,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Wynn Casino | 18 |
| 40 | 03/16/2012 | $500,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Wynn Casino | 18 |
| 41 | 04/30/2012 | $450,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Desert Palace dba Caesar's Palace | 19 |
| 42 | 04/30/2012 | $550,000 transfer from Beryt Acct # xxxxxx6408 to Ramon Desage Acct # xxxxxx4709 at Bank of Nevada | 19 |
| 43 | 04/20/2012 | $750,000 check # 4709 from Ramon Desage Acct # xxxxxx4709 at Bank of Nevada to Wynn Casino | 19 |
| 44 | 06/08/2012 | $300,000 wire transfer from Beryt Acct # xxxxxx6408 at Bank of Nevada to Desert Palace dba Caesar's Palace | 20 |
| 45 | 06/08/2012 | $800,000 transfer from Beryt Acct # xxxxxx6408 to Cadeau Acct # xxxxxx6157 at Bank of Nevada | 20 |
| 46 | 06/11/2012 | $150,000 check #3741 from Cadeau Acct # xxxxxx6157 at Bank of Nevada to HF | 20 |
| 47 | 06/11/2012 | $350,000 check #3712 from Cadeau Acct # xxxxxx6157 at Bank of Nevada to HF | 20 |
| 48 | 06/11/2012 | $350,000 check #3740 from Cadeau Acct # xxxxxx6157 at Bank of Nevada to HF | 20 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

### COUNTS Forty-Nine – Fifty-Two
(Income Tax Evasion)

On or about August 10, 2007, through on or about October 20, 2010, in the District of Nevada and elsewhere,

7

## RAMON DESAGE,
### aka Ramon Abi-Rached, aka Raymond Antoine Abi-Rached,

defendant herein, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him for tax years 2006-2009 to the United States of America by concealing and attempting to conceal from the Internal Revenue Service the nature and extent of his assets and the location thereof; making false statements to agents of the Internal Revenue Service; substantially under-reporting taxable income and tax due; concealing true income and expenses by falsifying books and records; classifying personal expenses as business expenses; and, falsely classifying book transfers between companies as purchases; defendant's willful attempt to evade taxes due for each tax year constituting a separate charge against defendant as provided in the chart below:

| Count | Year | Taxable Income Per Return | Approximate Unreported Taxable Income | Approximate Tax Loss |
|---|---|---|---|---|
| 49 | 2006 | $293,000 | $19,207,230 | $ 7,180,366 |
| 50 | 2007 | $491,510 | $27,739,707 | $ 9,721,486 |
| 51 | 2008 | $254,296 | $30,548,028 | $10,683,986 |
| 52 | 2009 | $440,216 | $ 9,685,757 | $3,343,609 |
|  | Total |  | $87,180,722 | $30,929,447 |

All in violation of Title 26, United States Code, Section 7021.

## FORFEITURE ALLEGATION ONE
### (Wire fraud)

1.  The allegations contained in Counts Two through Twenty of this Criminal Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of any felony offense charged in Counts Two through Twenty of this Criminal Indictment,

**RAMON DESAGE,**
**aka Ramon Abi Rached, aka Raymond Antoine Abi Rached,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, an in personam criminal forfeiture money judgment of $191,000,000.00 in United States Currency, including:

    a.     $158,677.17 in United States Currency;

    b.     $761,515.36 in United States Currency; and

    c.     $844,586.92 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C)) and Title 28, United States Code, Section 2461(c)), as a result of any act or omission of the defendant -

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property that cannot be divided without difficulty; it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $191,000,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C)) and Title 28, United States Code, Section 2461(c)); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

**DATED:** this 11th day of February, 2014

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

GREGORY DAMM
CRANE M. POMERANTZ
Assistant United States Attorneys