# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAMON DESAGE, *et al*.,

        Defendants.

Case No. 2:13–cr–39–JAD–VCF

**ORDER**

MOTION TO COMPEL (#107)

      This matter involves the United States' prosecution of Ramon Desage for orchestrating an investment-fraud scheme. Mr. Desage moves the court for an order compelling the Government to produce tax records of individuals who were allegedly victimized by Mr. Desage's scheme. Mr. Desage requests the victims' tax records for impeachment purposes and argues that the records will show that the victims failed to report earned income, which they received in cash from Mr. Desage. The motion is granted.

## LEGAL STANDARD

      Discovery in criminal cases was historically disallowed. *See* FED. R. CRIM. P. 16, Advisory Comm. Notes (1944). The modern trend favors disclosures that are more "analogous to the civil practice." *Dennis v. United States*, 384 U.S. 855, 871 (1966). Although "[t]here is no general constitutional right to discovery in a criminal case," *see Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), there are two authorities requiring the parties to make disclosures that are relevant here: (1) Federal Rule of Criminal Procedure 16 and (2) the Due Process Clause. Both are discussed below.

### A. **<u>Disclosures under Rule 16</u>**

Federal Rule of Criminal Procedure 16 governs "discovery and inspection." It provides the defendant with "a broad right of discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Under the rule, the government has a "continuing duty" to disclose: (1) the defendant's oral, written or recorded statements, (2) the defendant's prior criminal record, (3) documents and tangible objects within the government's possession that (i) are material to the preparation of the defendant's defense, (ii) are intended for use by the government as evidence in chief at the trial, or (iii) were obtained from or belong to the defendant; (4) reports of examinations and tests that are material to the preparation of the defense; and (5) written summaries of expert testimony that the government intends to use during its case in chief at trial. FED. R. CRIM. P. 16(a), (c).

Rule 16 is a product of fairness. It permits the defendant to obtain material "that would have been otherwise available to him had it not been impounded by the government." WRIGHT & HENNING, *supra*, at § 251 at p. 63; *accord* FED. R. CRIM. P. 16, Advisory Comm. Notes (1944, 1975). It is triggered "upon a defendant's request" and captures only "documents within the federal government's actual possession, custody, or control." *United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985). Rule 16 places no obligation on the government "to turn over materials not under its control." *Id*.

To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984). This "requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense." *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (citation omitted). "Whether evidence is 'useful,' 'favorable,' or 'tends to negate the guilt or mitigate the offense' are semantic distinctions without difference in a pretrial context." *United States v. Acosta*, 357 F. Supp. 2d 1228, 1233 (D. Nev. 2005).

Neither a general description of the information sought nor conclusory allegations of materiality suffice. *See Little*, 753 F.2d at 1445.

"The scope of discovery [under Rule 16] is within the district court's discretion." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). Discovery under Rule 16 is not limited to what the government intends to use at trial. It permits the defendant to obtain discovery that is "relevant" to the development of a possible defense. *United States v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984). Indeed, "[t]he rule is intended to prescribe the minimum amount of discovery to which the parties are entitled. FED. R. CRIM. P. 16, Advisory Comm. Note (1974).

### B.     Disclosures under the Due Process Clause

The Due Process Clause provides criminal defendants with a second discovery mechanism. *Brady v. Maryland*, 373 U.S. 83 (1963). It imposes "an ongoing duty" on the government to (1) "learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," *Kyles v. Whitley*, 514 U.S. 419, 432 (1995), and (2) disclose exculpatory evidence and other evidence that is favorable to the accused, including impeachment evidence. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). Unlike Rule 16, a request from the defense is not required to trigger the government's duty to disclose. *See Banks v. Dretke*, 540 U.S. 668, 695–96 (2004).

To obtain discovery under *Brady*, the information sought must be "material" or "favorable" to the defense. *Woods v. Sinclair*, 764 F.3d 1109, 1127 (9th Cir. 2014) (citing *Kyles*, 514 U.S. at 419). Favorable information need not be admissible at the trial if the information could reasonably lead to admissible evidence. *Acosta*, 357 F. Supp. 2d at 1239 (citing *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1200 (C.D. Cal. 1999)). "Whether evidence is 'useful,' 'favorable,' or 'tends to negate the guilt or mitigate the offense' are semantic distinctions without difference in a pretrial context." *Acosta*, 357 F. Supp. 2d at 1233.

If a *Brady* request places a prosecutor in doubt, disclosure is the rule. *Cone v. Bell*, 556 U.S. 449, 470 n. 15 (2009) (citing *United States v. Agurs*, 427 U.S. 97, 108 (1976)). If a *Brady* request places the court in doubt, an *in camera* review is appropriate. *See United States v. Alvarez*, 358 F.3d 1194, 1211–08 (9th Cir. 2004). If, however, a *Brady* request is "merely speculative," disclosure is not required. *Wood v. Bartholomew*, 516 U.S. 1, 6 (1995) (per curiam). However, "it must be remembered that *Brady* is a constitutional mandate. It exacts the minimum that the prosecutor, state or federal, must do" to avoid violating a defendant's Due Process rights. *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978).

**DISCUSSION**

The Government argues that Mr. Desage's motion should be denied because Mr. Desage is engaged in a "fishing expedition" and because he failed to make a plausible showing that the tax records are favorable to the defense. (Doc. #114 at 2:17–18, 5:15); *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n. 15 (1987) (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) ("[A defendant] must at least make some plausible showing of how their testimony would have been both material and favorable to his defense"). The court disagrees.

Mr. Desage is not engaged in a fishing expedition. His motion requests specific tax records for specific years for specific victims. Nor has Mr. Desage failed to make a plausible showing that the tax records are favorable to his defense. He contends that the records will show that the victims failed to report earned income, which they received in cash from Mr. Desage. This plausibly shows that the tax records contain impeachment evidence. *See Giglio*, 405 U.S. at 154–55 (requiring the Government to voluntarily disclose impeachment evidence to the defense).[1]

---

[1] The government concedes that it possesses the tax records Mr. Desage seeks.

4

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Ramon Desage Motion to Compel (#107) is GRANTED.

IT IS SO ORDERED.

DATED this 13th day of August, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE