DANIEL G. BOGDEN
United States Attorney
PATRICK BURNS
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6418
John.P.Burns@usdoj.gov

Attorney for the United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMON DESAGE,<br>  aka, "RAMON ABI-RACHED,"<br>  aka, "RAYMOND ANTOINE ABI-RACHED,"<br><br>PETER AKARAGIAN, and<br><br>GARY PARKINSON<br>               Defendants. | Case No.: 2:13-cr-00039-JAD-VCF<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF APPEAL (ECF No.127) OF MAGISTRATE'S ORDER ON MOTION TO COMPEL (ECF No. 121), OR IN THE ALTERNATIVE, TO RECOMMIT THE MATTER TO THE MAGISTRATE TO RENDER FINDINGS REGARDING 26 U.S.C. § 6103** |

COMES NOW the United State of America, by and through DANIEL G. BOGDEN, United States Attorney, and PATRICK BURNS, Assistant United States Attorney, and hereby respectfully submits this Government's Reply in Support of Motion for Leave to Submit Supplemental Briefing in Support of Appeal (ECF No. 127) of Magistrate's Order on Motion to Compel (ECF No. 121), or in the Alternative, to Recommit the Matter to the Magistrate to Render Findings Regarding 26 U.S.C. § 6103.

**Reply Argument**

Desage's opposition to supplemental briefing on application of 26 U.S.C. § 6103 is difficult to interpret. On the one hand, he strongly objects to the prospect of supplemental briefing and claims a total absence of good cause for such briefing. He then proceeds, however, to invite the Government to raise the issue for the first time in its *reply brief* in support of the original objection. ECF 4:1-9 (writing that the Government "is not at a disadvantage" if leave is denied because its "opportunity to file a reply brief remains…,"); 5:15-19 (writing: "[A]s the government admitted, it has already seen a draft of the defense opposition[] and knows it will be in a position to address any matters relevant to 26 U.S.C. § 6103 in its reply, should the government feel a reply is necessary."). Desage appears to be announcing his assent to the Government filing a reply brief that addresses "any matters relevant to 26 U.S.C. § 6103." *Id.* There is an undeniable tension between Desage opposing supplemental briefing in one breath, yet in the next breath inviting incorporation of the supplemental material into a reply brief.

While the Government is willing to proceed in that fashion, doing so might not be fair to Desage who would essentially be left without the opportunity to respond in writing absent obtaining (via another motion) leave from the Court to file a surreply. LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."). A more orderly fashion of briefing would be the Government's proposal to file a supplemental brief in support of the objection, which would then be responded to by Desage, along with the Government's original appeal brief. And it would avoid the Court being required to hear yet another motion in this case.

There can be no better good cause for supplemental briefing than a showing that the extant briefing omits and fails to address the controlling, dispositive statute regulating the disputed issue. As already noted at length in the Government's motion, 26 U.S.C. § 6103 is dispositive of whether

2

Desage has an entitlement under Rule 16 or Jencks to production of the decade's worth of fourteen individuals and entities' taxpayer information and returns. Moreover, as noted, failure to address the issue risks occasioning further litigation by nonparties, and adoption of the order, if it violates 26 U.S.C. § 6103, would require the producing individual to commit a federal felony crime. There can be no better good cause than that. Further, notwithstanding Desage's effort to engraft additional language onto 28 U.S.C. § 636,[1] this Court's power and discretion to dispose of an objection is so complete and plenary, that it can recommit the matter to the magistrate *now* for further briefing. Whatever the Court's preference, the point remains compelling: 26 U.S.C. § 6103's application to Desage's request must be analyzed and exhausted before a decision is rendered. The Government asks that the Court grant it leave to provide a supplemental brief on the issue or have the matter recommitted to the magistrate.

On or about July 28, 2016,

DATED this __ day of July, 2016.

        Respectfully submitted,

        DANIEL G. BOGDEN
        United States Attorney

        //s//

        PATRICK BURNS
        Assistant United States Attorney

---

[1] Only by inventing an alteration in its text, can Desage make *McDonnell Douglas Corp. v. Commodore Bus. Machines Inc.*, 656 F.2d 1309 (9th Cir. 1981), support his claim that recommital may only occur after complete briefing of an objection is had. There is no such requirement established in that or any other case. *Cf. id.* at 1313 with ECF 175 at 5:7-12. The Court's power of recommital is unqualified.

3