DANIEL G. BOGDEN
United States Attorney
LISA C. CARTIER GIROUX
Assistant United States Attorney
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX:  (702) 388-6418

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMON DESAGE,<br><br>Defendant. | 2:13-CR-00039-JAD-VCF<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT DESAGE'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY  (Doc. #150) |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Lisa C. Cartier Giroux, Assistant United States Attorney, and responds in opposition to the motion filed on January 30, 2016, by defendant RAMON DESAGE, seeking an order from the Court that the government provide him with: (1) a Bill of Particulars; (2) Disclosure of the identities of all unindicted co-conspirators; (3) Production of all relevant documents, reports, and materials pursuant to Fed.R.Crim.P. 16; (4) Production of any and all audio and/or video surveillance tapes or any other form of surveillance performed by the Government, or any agent of the Government, pertaining in any manner whatsoever to Defendant Desage; (5) Disclosure of any reference to Defendant Desage in any audio and/or video surveillance tapes or any other form of surveillance performed by the Government, or any other agent of the Government; (6) Immediate disclosure of all *Brady* material; (7) Immediate disclosure of all *Giglio* and Jencks Act material; (8)

1

Grand Jury testimony made in seeking the return of the indictment; (9) An itemized list of all exhibits intended to be used by the Government in its case-in-chief; (10) A list of all witnesses that the Government intends to call in presenting its case-in-chief; and (11) Any and all FRE 404(b) material the Government intends to present and/or utilize in this case. Docket 150, 2 at 1-16. For the reasons set forth herein, the defendant's motion should be denied.

## ARGUMENT

Defense counsel wrote a letter dated November 19, 2014 to the then assigned Assistant United States Attorneys, Gregory Damm and Crane Pomerantz, with a very similar discovery request as to what he made in Docket #150. Mr. Damm wrote a letter in response answering each of the requests made by defense counsel. Prior to answering the letter and in response to a request for a Bill of Particulars, in January of 2015, Mr. Damm also sent to defense a spreadsheet of the wire fraud and money laundering counts and the evidence (including Bates numbers) that the government may present to support the charges.[1] The government has met its duties under *Brady v. Maryland*, 373 U.S. 83 (1963)), as well as its discovery obligation under Federal.R.Crim.P 16. The government will continue to meet its ongoing obligation to turn over exculpatory evidence and impeachment material that impugns the testimony of a witness critical to the prosecution's case. *Milke v. Ryan*, 711 F.3d 998, 102-03 (9th Cir. 2013) (*citing United States v. Bagley*, 473 U.S. 667, 674-75 (1985)); *Giglio v. United States*, 405 U.S. 150, 153-55 (1972); *Brady*, 373 U.S. 83 at 87; *United States v. Sedaghaty*, 728 F.3d 885, 902 (9th Cir. 2013).

**1. A Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure states:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The

---

[1] Although Mr. Damm provided answers to the defendant's demands and the spreadsheet, the government has never indicated that its evidence at trial will be limited to what was contained in those documents.

2

government may amend a bill of particulars subject to such
conditions as justice requires.

The Grand Jury returned a true bill on the Superseding Indictment on February 11, 2014.  Doc. #59.  The defendant's request for a bill of particulars was clearly filed more than fourteen days after arraignment, and it is untimely filed. *See* Doc. #150.

The trial court has discretion to grant or refuse a request for a bill of particulars. *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963); *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). A bill of particulars has three functions: "[1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is itself too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979); *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).  The purpose of a bill of particulars is met "if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).  The defendant is entitled under the constitution to know the offenses with which he is charged, not the details of how the prosecution intends to prove the charge. *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir.1981).  The superseding indictment in this case lists the elements of the charges against the defendant and the statutes he is accused of violating, as required by Fed. R. Crim. P. 7.  It also details the years of the alleged fraudulent tax forms, the approximate amounts of unreported taxable income and tax loss, and specifies the wire transmissions at issue for each count charged.  The information provided in the superseding indictment is more than sufficient to inform the defendant of the charges against him and to allow him to adequately prepare a defense. The government has complied with its obligations under Fed.R.Crim.P. 16 and provided full discovery and will continue

to do so.  The defendant additionally has the spreadsheet of the wire fraud and money laundering counts and the evidence (including Bates numbers) that the government may present to support the charges which was voluntarily provided by the former AUSA, Mr. Damm, in response to the defendant's prior request for a bill or particulars.  The request for a bill of particulars should be denied because it is a simply a request for the government to further specify how it will use the evidence to prove defendant's guilt and to identify and reveal its trial strategy, which is not the purpose of a bill of particulars. *Giese*, 597 F.2d at 1181.

### 2. Disclosure of the identities of all alleged unindicted co-conspirators

The defendant seeks a list of the identities of any unindicted co-conspirators in this case. Defendant in this matter has been provided with extensive discovery as to the means, method, and known participants in the conspiracy.  Unlike a criminal enterprise case, for example, where the involvement of five or more persons is an element of the offense, the identities of unindicted co-conspirators in this case, if any there be, is not an element of the conspiracy charged in the instant case. *See* 21 U.S.C. Section 848(c).  In *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir.1991), a case where the defendant claimed his counsel's ability to prepare for trial was impeded because he did not have the names of the co-conspirator before trial, the court held that such a list was not required because "[a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown…" *Id.; See also Rogers v. United States*, 340 U.S. 367, 375 (1951). Defendant is asking the Court to order the government to go through the discovery simply to identify unindicted individuals who the government believes may or may not be a part of the alleged conspiracy. The superseding indictment adequately advises the defendant of the nature of the charge, and the discovery provides the defendant with the evidence which the government believes supports the charges.  The government therefore requests that the Court deny defendant's request.

…

**3. Production of all relevant documents, reports, and materials pursuant to Fed.R.Crim.P. 16**

The government has met its obligations under Fed.R.Crim.P. 16 and will continue to act with due diligence to provide defendants with any item that falls under the rule as it comes into its possession.

**4. Production of any and all audio and/or video surveillance tapes or any other form of surveillance performed by the Government, or any agent of the Government, pertaining in any manner whatsoever to Defendant Desage**

The government has met its obligations under Fed.R.Crim.P. 16 and will continue to act with due diligence to provide defendants with any item that falls under the rule as it comes into its possession.

**5. Disclosure of any reference to Defendant Desage in any audio and/or video surveillance tapes or any other form of surveillance performed by the Government, or any other agent of the Government**

The government has met its obligations under Fed.R.Crim.P. 16 and will continue to act with due diligence to provide defendants with any item that falls under the rule as it comes into its possession.  The government is not required to go through the discovery for the defendant and give him notice of where in the discovery such information, if any there be, is found. The Court should deny this request.

**6. Immediate disclosure of all Brady material**

The government has met its duties under *Brady* and will continue to meet its ongoing obligations.

**7. Immediate disclosure of all Giglio and Jencks Act material**

The Jencks Act and Fed.R.Crim.P. 26.2 and 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses. *See* Fed.R.Crim.P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]"). The government has, however, previously provided

*Giglio* and Jencks Act material in discovery.  The government will comply with its obligation to produce all *Giglio* and Jencks Act material in its possession ten days before trial except to the extent earlier disclosure is required by Fed.R.Crim.P. 16 or *Brady*.

### 8. Grand Jury testimony made in seeking the return of the indictment

Defendant has moved to require production of grand jury testimony.  Grand Jury secrecy is governed by Rule 6(e). Grand jury testimony of a witness whom the government intends to call at trial to testify with regard to the same subject matter, are statements within the reading of the Jencks Act and not within the purview of Rule 16. *See United States v. Walk,* 533 F.2d 417 (9th Cir.1975)*; United States v. Cardenas-Mendoza,* 579 F.3d 1024 (2009); *United States v. Callahan*, 534 F.2d 763 (7th Cir. 1976), *cert. denied*, 429 U.S. 830 (1976); *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), *cert. denied,* 409 U.S. 914 (1972); *United States v. Wilkerson*, 456 F.2d 57 (6th Cir.), cert. denied, 408 U.S. 926 (1972).  The government will produce Jencks Act material in its possession ten days before trial except to the extent earlier disclosure is required by Fed.R.Crim.P. 16 or *Brady*.

### 9. An itemized list of all exhibits intended to be used by the Government in its case-in-chief

Rule 16(a)(1) does not require the government to identify specifically which evidence it intends to use at trial. It merely requires that the Government produce evidence falling into the enumerated categories.  While this case is document-intensive, that circumstance is not unusual and is consistent with the nature of the alleged fraud.  Furthermore, as explained above, the superseding indictment sets forth sufficiently the charges against defendants by describing the fraudulent claims and the documentation underlying each count. The government will comply with the Court's standard trial order requiring counsel at Calendar Call in a criminal case to supply the Court's Courtroom Deputy Clerk with the original and two copies of a complete exhibit list of all exhibits that are intended to be used during the trial, and serve a copy upon all other parties.

**10. A list of all witnesses that the Government intends to call in presenting its case-in-chief**

A defendant in a noncapital case does not have a right to discover a list of prospective government witnesses. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (due process does not require government to provide names of witnesses unfavorable to defendant); *see* 18 U.S.C.A. § 3432. The government is not required to identify the witnesses it intends to call at trial in this case. *United States v. Sukumolachan*, 610 F.2d 685, 688 (9th Cir. 1980); *see also United States v. Steele*, 785 F.2d 743, 750 (9th Cir. 1986). Despite attempts to amend Rule 16 to compel the government and the defense to disclose names of prospective witnesses before trial, Congress has consistently rejected such efforts. H.R. Conf. Rep. No. 414, 94th Cong. 1st Sess. 12 (1975) ("majority of Conferees believe that it is not in the interest of the effective administration of criminal justice to require that the Government or defendant to be forced to reveal the names and addresses of its witnesses before trial."). Relative to discovery in civil matters, criminal discovery is more narrowly limited. "Rule 16 ... makes no provision for the production of the names and addresses of witnesses for the government." *United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir.1982); *see also United States v. Edwards*, 47 F.3d 841, 843 (7th Cir.1995) ("the Constitution does not require pretrial disclosure of prosecution witnesses ... nor does [Rule] 16").

It is within the discretion of a court to order such disclosure to ensure the effective administration of the criminal justice system. The government will comply with the Court's standard trial order requiring counsel at Calendar Call to file with the Court's Courtroom Deputy Clerk a list of witnesses expected to be called on behalf of each party for use by the Court during jury selection.

**11. Any and all Federal Rule of Evidence 404(b) material the Government intends to present and/or utilize in this case**

The government is aware of its duty to provide reasonable notice of its intent to offer FRE

404(b) evidence during the trial and will abide by the requirements of the rule to provide such notice.

### IV. CONCLUSION

For the above stated reasons, the Government respectfully requests this Court deny the Defendant's *Motion for Discovery*. (Doc. #150).

Respectfully submitted this 14th day of August, 2016.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

//s//

LISA C. CARTIER GIROUX
Assistant United States Attorney

### CERTIFICATION

I, LISA C. CARTIER GIROUX, certify that the foregoing document was served on counsel by means of electronic filing.

DATED:   August 14, 2016

//s//
_____
LISA C. CARTIER GIROUX
Assistant United States Attorney