|  |  |
|---|---|
| United States of America,<br><br>　　Plaintiff<br><br>v.<br><br>Ramon Desage, et al.,<br><br>　　Defendants | **2:13-cr-00039-JAD-VCF**<br><br>**Order Sustaining the Government's Objections and Reversing in Part and Remanding the Magistrate Judge's Order**<br><br>[ECF Nos. 127, 128, 129, 182, 183] |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

　　Ramon Desage stands charged with conspiracy to defraud the United States (1 count), wire fraud (18 counts), money laundering (27 counts), and income tax evasion (4 counts), all stemming from Desage's alleged investment-fraud scheme and related tax fraud.[1] In August 2015, the magistrate judge granted Desage's motion to compel production of ten years' worth of tax records for 14 individuals and entities.[2] The government objects.[3] Because most of the requested tax records are not in the government's possession, this court lacks authority to compel their production under Rule 16 or *Brady/Giglio*. As to the few records in the government's possession, their disclosure under Rule 16 is prohibited by 26 USC § 6103, which broadly protects taxpayer information. I therefore sustain the government's objections and remand to the magistrate judge to determine whether the Hefetz/Frey returns are, in whole or in part, discoverable under *Brady*.

## Background

**A.　Desage moved to compel tax records**

　　In his four-page motion to compel, Desage requested the 2005–2014 tax returns for: (1) Jacob (Yakov) Hefetz; (2) any entity with which Hefetz is or was affiliated with that is alleged to have loaned funds to or invested funds with Desage or any entity with which Desage is affiliated; (3)

---

[1] ECF No. 59.

[2] ECF No. 107.

[3] ECF No. 182.

1 Harold Foonberg; (4) Stanley Sunkin; (5) any entity with which Foonberg is or was affiliated with that is alleged to have loaned funds to or invested funds with Desage or any entity with which Desage is affiliated; (6) Harvey Vechery; (7) Linda Vechery; (8) any entity with which H. Vechery is or was affiliated with that is alleged to have loaned funds to or invested funds with Desage or any entity with which Desage is affiliated; (9) William Richardson; (10) any entity with which William Richardson is or was affiliated that is alleged to have loaned funds to or invested funds with Desage or any entity with which Desage is affiliated; (11) Herb Frey; (2) AW Financial Group; (13) Federal Pants Company, Inc; and (14) F & S Partners LP. Of these individuals and entities, only Hefetz, Harvey Vechery, Foonberg, and Richardson are alleged victims in this case. This is the sole basis Desage proffered for his broad request:

> Mr. Desage expects that Mr. Richardson's, Mr. Vechery's and Mr. Foonberg's personal and corporate tax returns will show that they did not take into account their receipts of cash from Mr. Desage. These omissions from their tax returns will constitute significant impeachment material regarding the credibility of these alleged victims. Thus, the tax returns are crucial to Mr. Desage's defense that he did not defraud investors/lenders.[4]

The government opposed the request, arguing that Desage failed to make the threshold showing that the returns are material, disclosure is prohibited under 26 U.S.C. § 6103, and the prosecution team is not in possession of the requested returns.[5] If the magistrate judge granted the motion, the government requested that the records be first examined by the court in camera to determine if any *Brady*/*Giglio* material is present before disclosure to defense counsel. The government also requested a protective order limiting Desage's use of the tax information.

**B.    The magistrate judge granted Desage's motion**

After reciting the standards for disclosure under Federal Rule of Criminal Procedure 16 and *Brady*/*Giglio*, the magistrate judge granted Desage's motion. The full explanation for the ruling is:

---

[4] ECF No. 107 at 3.

[5] ECF No. 114.

> Mr. Desage is not engaged in a fishing expedition.  His motion requests specific tax records for specific years for specific victims.  Nor has Mr. Desage failed to make a plausible showing that the tax records are favorable to his defense.  He contends that the records will show that the victims failed to report earned income, which they received in cash from Mr. Desage.  This plausibly shows that the tax records contain impeachment evidence.  [FN. 1 The government concedes that it possesses the tax records Mr. Desage seeks].[6]

**C.     The government objected**

The government objected to the magistrate judge's order, arguing that there were three errors warranting reversal: the magistrate judge incorrectly held that Desage made the requisite materiality showing under Rule 16 and *Brady/Giglio*, the magistrate judge accepted Desage's faulty and unsupported argument that the returns would constitute impeachment material, and the order is significantly overbroad.[7]  One of the alleged victims whose records were ordered disclosed, William Richardson, filed a motion for relief under the Crime Victim Rights Act[8] and joined in the government's objections.[9]

The parties stipulated to multiple continuances of the deadline for Desage's response to the government's objections, ultimately extending the deadline for almost one year.  Shortly before the government's response was due in August 2016, the government—now represented by two new U.S. Attorneys—moved for leave to file supplemental briefing in support of its objections to address 28 U.S.C. § 6103.[10]  I found that additional briefing on § 6103's interaction with Rule 16 and *Brady/Giglio* would be helpful and that the delay would not be prejudicial to Desage, who had still not filed his response to the government's initial objections.[11]  I therefore gave the government seven days to file a new, complete appeal of the magistrate judge's order and ordered both of the parties to

---

[6] ECF No. 121 at 4.

[7] ECF No. 127.

[8] ECF No. 128.

[9] ECF No. 129.

[10] ECF No. 174.

[11] ECF No. 177.

address the applicability of § 6103 to the magistrate judge's order and to the production of the tax records requested in this case.

**D.     Supplemental briefing**

The government's newly filed objections flesh out its § 6103-based arguments and its arguments that Desage failed to make the required materiality showing far beyond the thin discussion originally provided to the magistrate judge.[12]  The government comprehensively argues that, under the plain language of § 6103 and its interpretive jurisprudence, this court lacks the power to compel production of taxpayer return information unless the United States Attorney already possesses the taxpayer information under one of two narrow exceptions that are not applicable here.  The government maintains that it cannot be required to produce—under Rule 16 or *Brady*/*Giglio*—information that is not in its actual or constructive possession and clarifies that, with the exception of the tax returns of two of the victims, it does not possess the requested documents.  Finally, the government contends that the tax-return information is not material to this case and therefore not subject to disclosure, and that the magistrate judge's order is erroneous and overbroad because he failed to individually assess the requested records.  Richardson joins in the government's objections.[13]

Desage maintains that the tax returns "will yield crucial impeachment evidence" and are thus discoverable under Rule 16 and *Brady*/*Giglio* and that the magistrate judge's order is not overbroad. In response to the government's § 6103-based arguments, Desage contends that there is nothing in the statute that prohibits the court from ordering the government to obtain taxpayer information that is not already in its possession and that falls within § 6103(h)(2) and (4) subsection (B)–(C)'s exceptions for release of taxpayer information.  Desage also questions the government's assertion that, with the exception of the records of two of the victims, it is not in possession of the requested tax records.  The rest of Desage's response opposes Richardson's motion for relief under the Crime Victim Rights Act.

---

[12] *Compare* ECF No. 182, *with* ECF No. 114.

[13] ECF No. 183.

**Discussion**

**A.     Standard of review**

A district judge may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[14]  The district judge may affirm, reverse, or modify the magistrate judge's order and may also remand the matter to the magistrate judge with instructions.[15]  A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed."[16]  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[17]

I find that the order is clearly erroneous because it is premised on the misperception that the government possesses *all* of the requested tax records despite the government's representation that it did not, in fact, have the records.  The order is also clearly erroneous because it failed to individually address the 14 different categories of requested tax returns.  Because I find that the order is clearly erroneous, I reconsider Desage's motion to compel, reverse in part the magistrate judge's order granting it, and remand for further findings on whether the few returns in the government's possession are discoverable under *Brady*.

**B.     26 U.S.C. § 6103**

Desage's request for income-tax returns submitted to the IRS is a request for "taxpayer return information," which is presumptively confidential under 26 U.S.C. § 6103 unless one of the statute's narrow exceptions applies.  Desage points to § 6103(h)(2) and (4) as the basis for his request.  Section 6103(h) provides for disclosure to certain federal officers and employees for matters involving tax administration.  Subsection (h)(2) and (4) provide that return information may be "open to inspection by or disclosure to" United States Attorneys and disclosed in federal judicial proceedings pertaining to tax administration if "(B) the treatment of an item reflected on such return

---

[14] 28 U.S.C. § 636(b)(1)(A).

[15] L.R. IB 3-1(b).

[16] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[17] *Jadwin v. Cty of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011).

is or may be related to the resolution of an issue in the proceeding or investigation; or (C) such return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation." The statute also sets forth the procedures through which the United States Attorney can apply for disclosure of protected information that fits one of these exceptions.

**C.    Besides the Hefetz/Frey returns, the government is not in possession of any of the requested documents, so they are not discoverable under Rule 16 or *Brady*.**

The magistrate judge's order does not address § 6103; it examines only whether Rule 16 and *Brady* allow for disclosure of the requested taxpayer information.[18] Disclosure under either Rule 16 or *Brady* requires that the requested materials be within the possession, custody, or control of the prosecution or those acting on its behalf.[19] The government represents that, besides the returns for Jacob Hefetz and Herb Frey, it is not in possession of any of the requested returns.[20] Desage responds that the government must possess all of the requested records because it has openly admitted that IRS agents are involved in this case.

The government represents that only the criminal investigative arm of the IRS has been involved with this case and that the civil division of the IRS—which is likely in possession of the requested documents—has never been a part of this case.[21] This is a crucial distinction between this case and the case Desage cites, *United States v. Prokop*. In *Prokop*, District Judge Du upheld the magistrate judge's finding that the government possessed audit files based on the government's own representations that both the criminal and civil investigation divisions of the IRS had participated in

---

[18] This is likely because the government only briefly mentioned § 6103 in its response to Desage's motion to compel, but its new objections focus extensively on the statute.

[19] FED. R. CRIM. PROC. 16(a)(1)(E); *Kyles v. Whitley*, 514 U.S. 419, 437 (1996) ("the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in [the particular case], including police.").

[20] ECF No. 182 at 25–26.

[21] ECF No. 205 at 8–9.

the case and that the IRS was prepared to provide the audits upon appropriate order by the court.[22] After finding that the requested documents were in the government's possession and material to the defense, Judge Du concluded that the additional requirements for disclosure under 26 U.S.C. § 6103(h) were met and that the audit records were therefore discoverable.  But the bulk of the tax records requested here are not in the government's possession, so they are not discoverable under Rule 16 or *Brady* even if they fit under one of § 6103's disclosure exceptions.

**D.    Tax-return information is discoverable under Rule 16 only if it meets the disclosure requirements of  § 6103.**

Desage argues that disclosure of the tax returns is authorized by § 6103(h)(2), which sets out when tax-return information may be disclosed to the Department of Justice and (h)(4), which governs the disclosure of tax-return information in judicial proceedings and administrative tax proceedings.[23]  I am persuaded by the authority the government cites, particularly *United States v. Robertson*, that a court may not order the release of tax-return information under § 6103(h) that has not already been produced to the government through the application process described in § 6103(h) or (i)(1).[24]  I agree that the disclosure process described in § 6103(h)(2) and (4) presupposes that the prosecuting United States Attorney is already in possession of the tax returns and only then do (h)(2) and (h)(4) subsections (B) and (C) allow for disclosure and permit discovery under Rule 16, which cannot be used to circumvent § 6103's express statutory requirements.

The government represents that it is "not in possession of any [of] the requested tax returns pursuant to § 6103(h)" and that the United States Attorney "has never moved pursuant to 6103(i)(1) for an order releasing any of the taxpayer information Desage seeks."[25]  The government explains that, although it is in constructive possession of the Hefetz/Frey returns for *Brady* purposes, it is not

---

[22] *United States v. Prokop*, 2012 WL 2375001, *2 (D. Nev. June 22, 2012).

[23] ECF No. 204 at 13.

[24] *United States v. Robertson*, 634 F. Supp. 1020 (E.D. Ca. 1986), *aff'd*, 815 F.2d 714 (9th Cir. 1987), *cert. denied*, 484 U.S. 912 (1987); *see also United States v. Recognition Equip., Inc.*, 720 F. Supp. 13 (D. D.C. 1989); *United States v. Jackson*, 850 F. Supp. 1481, 1490 (D. Kan. 1994).

[25] ECF No. 182 at 23.

in possession of these documents under § 6103 because it never made a proper application for them under the statute. The government further explains that the undersigned AUSA "recently investigated this issue, and after careful and specific discussion with the IRS criminal investigation division case agent, was able to confirm that the case agent, at one point very early in the investigation, pulled and reviewed the IRS Integrated Data Retrieval System (IDRS) portfolios for Jacob Hefetz and Herb Frey, which contain" the requested tax returns for these individuals.[26] I agree that § 6103 does not permit disclosure under Rule 16 by the United States Attorney under these circumstances.

I also decline Desage's invitation to issue an order requiring the government to apply for disclosure of the tax returns under § 6103(h) so that Desage can then obtain the records via Rule 16.[27] As the government notes, none of the cases declining to order the government to disclose taxpayer information not already in its possession through § 6103's application procedures suggest that this option is available. Indeed, the *Robertson* court expressly "refuse[d] to consider ordering either the Secretary of Treasury or the Attorney General to take disclosure action prescribed by subsection (h)(3) as such order would violate the separation of powers between the judicial and executive branches."[28] I agree with the government that "the statute's language and the separation of powers do not sanction the end-run around the statute that Desage proposes."[29]

**E.     *Brady* materials are discoverable even if they do not satisfy the disclosure requirements of § 6103.**

The final question—and one not addressed by the *Robertson* court that dealt with a request for production under Rule 16 only—is whether tax returns that satisfy *Brady* are discoverable even if their disclosure is prohibited by § 6103. The *Robertson* court noted that "[a] different problem

---

[26] ECF No. 182 at 26.

[27] ECF No. 204 at 16.

[28] *Robertson*, 634 F. Supp. at n.9 (citing *United States v. Gatto*, 763 F.2d 1040, 1096 (1985) (separation of powers limits court's power of supervision over criminal discovery).

[29] ECF No. 205 at 7.

would arise if *Brady* material were involved" reasoning that, because *Brady* announced a constitutional principle, "a conflict between production of *Brady* material and statutory restrictions on disclosure of return information would have to be resolved in favor of production."[30]  I find that, because *Brady* is a constitutional rule, its disclosure requirement trumps § 6103's disclosure limitations.[31]  Though the government represents that it has never applied for and obtained these records via the procedures outlined in § 6103, it admits that it is deemed to be in possession of these documents for *Brady* purposes.  Because the government concedes that it possesses the Hefetz/Frey returns for *Brady* purposes, these items are discoverable despite § 6103's disclosure limitations *if* Desage can make the required materiality showing.  Because the magistrate judge did not make individualized findings on these Hefetz/Frey returns, I am unable to determine whether they are discoverable under *Brady*.  I therefore remand this matter back to the magistrate judge to determine whether any portion of the Hefetz/Frey returns is discoverable under *Brady*.

**F.     Other pending motions [ECF Nos. 128, 129, 183]**

Because I hold in this order that production of alleged victim William Richardson's tax returns is no longer required, I deny as moot his motion for relief under the Crime Victim Rights Act and his motions to join the government's objections.

---

[30] *Robertson*, 634 F. Supp. at n.10.

[31] *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) (*Brady* duty on prosecution trumped state statute preventing disclosure of child-abuse files); *see also Jackson*, 850 F. Supp. 1503–04 (noting that *Brady* "comes ahead of most statutory limitations on disclosure" but declining to compel production under § 6103 because documents were not in prosecution team's possession).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the government's objections **[ECF No. 182] are SUSTAINED, and the magistrate judge's order [ECF No. 121] is REVERSED in part and remanded for determination of whether any portion of the Hefetz/Frey returns are discoverable under *Brady*.**

IT IS FURTHER ORDERED that the government's objections **[ECF No. 127], Richardson's motion for relief under the Crime Victim Rights Act [ECF No. 128], and motions for joinder [ECF Nos. 129, 183] are DENIED as moot.**

Dated this 9th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge