**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>RAMON DESAGE; *et.al.*,<br><br>　　　　　　Defendants. | Case No. 2:13–cr–39–JAD–VCF<br><br>**ORDER** |

Before the court are Desage's motion for discovery (ECF No. 150) and the Government's response (ECF No. 185). As of February 28, 2017, Desage has not filed a reply. For the reasons stated below, Desage's motion is granted in part and denied in part.

**I. Discussion**

a.　Witness List

"Although [Federal] Rule [of Criminal Procedure] 16 does not expressly mandate the disclose of *nonexpert* witnesses, it is no inconsistent with Rule 16 and Rule 2 for a court to order the government to produce a list of such witnesses as a matter of its discretion." *United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008)(*en banc*)(emphasis in original). "The rule does not entitle the defendant to a list of such witnesses, but by the same token it does not suggest that a district court is *prohibited* from ordering such disclosure." *Id.* at 511 (emphasis in original).

The Government has agreed to provide a complete list of witnesses approximately 7 days before trial at Calendar Call. (ECF No. 185 at 7)  Given the complexity of this action and the number of potential witnesses involved, the court orders that the Government provide its witness list 30 days before

trial. *See W.R. Grace*, 526 F.3d at 514 (holding that it was not an abuse of the trial court's discretion to order disclosure of a nonexpert witness list one year before trial).

b.  Exhibit List and Copies

As with nonexpert witness disclosures, Rule 16 does not mandate nor does it prohibit pretrial disclosure of the Government's exhibit list. *Id.* In its response, the Government agreed to provide an itemized exhibit list at Calendar Call. (ECF No. 185 at 7) Given the large number of documents involved in this action, the court orders that the Government provide its itemized exhibit list and appropriate copies 30 days before trial.

c.  Other Requested Discovery

    a.  *Bill of Particulars*

"The court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f).

> The purpose of a bill of particulars are threefold: '[1] To inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes.'

*United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991)(quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). After reviewing the operative indictment, the court concludes a bill of particulars is unnecessary. Desage has sufficient information about his alleged victims, his alleged conduct, and the timeframe for which he is being indicted in order to understand the charges against him and prepare for trial. (ECF No. 60)

    b.  *Identities of Unindicted Co-conspirators*

Desage does not cite any specific authority in support of his request for the Government to identify any unindicted co-conspirators. Accordingly, this request is denied.

/// /// ///

      c.    *Documents that Fall Within the Enumerated Categories of Rule 16*

Federal Rule of Criminal Procedure 16 "grants defendants a broad right to discovery." *United States v. Doe*, 705 F.2d 1134, 1150 (9th Cir. 2013). "To receive discovery under this Rule, the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.*

Desage has not identified the Rule 16 material he believes the Government is withholding. Consequently, he has not made mandatory materiality showing. *Id.* His blanket request for Rule 16 material is denied.

      d.    *Brady, Giglio, and Jencks Act material*

The Government asserts that it has met or will meet its obligations under *Brady*, *Giglio* and the Jencks Act. (ECF No. 185) Other than the tax returns at issue in a separate motion, Desage has not identified any *Brady*, *Giglio*, or Jencks Act material that he believes the Government is withholding. (ECF No. 150) Desage's request in this motion is denied.

The court is aware that Desage filed a separate motion that is limited to possible *Brady* and *Giglio* material. (ECF No. 218) The court ordered the Government to submit the requested material for *in camera* inspection. (ECF No. 223) The Government has submitted the material and the court has reviewed it. A hearing will be set on Desage's other discovery motion (ECF No. 218).

      e.    *Federal Rule of Evidence 404(b) Material*

The Government states that it will provide Rule 404(b) material at the appropriate time during trial. (ECF No. 185) Desage does not cite any specific authority in support of his request for the pretrial disclosure of Rule 404(b) evidence. Accordingly, this request is denied.

ACCORDINGLY, and for good cause shown,

3

IT IS HEREBY ORDERED that Desage's motion for discovery (ECF No. 150) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that at least 30 days before trial is set to begin, the Government must provide Desage and the court with an itemized exhibit list, copies of its exhibits, if applicable, and a witness list.

IT IS FURTHER ORDERED that all other discovery requests made in the motion (ECF No. 150) are DENIED.

IT IS SO ORDERED.

DATED this 1st day of March, 2017.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE