DAYLE ELIESON
United States Attorney
PATRICK BURNS
Nevada State Bar #: 11779
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336 / FAX: (702) 388-6418
John.P.Burns@usdoj.gov

*Representing the United States of America*

```
              FILED              RECEIVED
              ENTERED            SERVED ON
                        COUNSEL/PARTIES OF RECORD

                     AUG 3 1 2018

                  CLERK US DISTRICT COURT
                    DISTRICT OF NEVADA
              BY:_____DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>RAMON DESAGE,<br><br>      Defendant. | Case No.: 2:13-cr-00039-JAD-VCF<br><br>**PLEA AGREEMENT** |

The United States, by and through the undersigned, and the Defendant, RAMON DESAGE and his attorneys, RICHARD A. WRIGHT, ESQ. and GEORGE P. KELESIS, ESQ., respectfully submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I. SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States and the Defendant, RAMON DESAGE. This Plea Agreement binds the Defendant and the United States Attorney's Office for the District of Nevada but does not preclude the United States Attorney's Office for the District of Nevada from pursuing any and all civil forfeiture in rem actions against the Defendant. It does not bind any other prosecuting,

administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, and restitution. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the Defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.   <u>Guilty Plea</u>. The Defendant knowingly and voluntarily agrees to plead guilty to the following count contained in the Second Superseding Indictment filed on February 11, 2014: Count 1, charging Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371.

B.   <u>Waiver of Trial Rights</u>. The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the Defendant is giving up:

    1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant and the United States both agree;

    2.   The right to confront the witnesses against the Defendant at such a trial, and to cross-examine them;

    3.   The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

    4.   The right to testify in his own defense at such a trial if he so

chooses;

     5.    The right to compel witnesses to appear at such a trial and testify in the Defendant's behalf; and

     6.    The right to have the assistance of an attorney at all stages of such proceedings.

    C.    <u>Withdrawal of Guilty Plea</u>. The Defendant will not seek to withdraw his guilty plea after he has entered it in court.

    D.    <u>Dismissal of Charges</u>. After the Court has adjudged a sentence in this case, the government will move to dismiss all remaining charges in the Second Superseding Indictment.

    E.    <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the Defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement or for conduct known to the United States at the time of this Agreement.

### III.    ELEMENTS OF THE OFFENSE

<u>Count 1</u>: The elements of Conspiracy to Defraud the United States in violation of Title 18, United States Code, Section 371, are as follows:

    1.    On or about the dates set forth in the Second Superseding Indictment, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the Internal Revenue Service by deceitful or dishonest means as charged in the indictment;

    2.    The Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3

3. One of the members of the conspiracy performed at least one overt act during the conspiracy for the purpose of carrying out the conspiracy.

## IV. FACTS SUPPORTING GUILTY PLEA

A. The Defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The Defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On or about January 1, 2006 and continuing through on or about October 20, 2010:

1. Defendant conspired and agreed with his co-defendants, Gary Parkinson (Parkinson) and Peter Akaragian (Akaragian), to cause fraudulent federal income tax returns to be filed for Defendant and his entities for Tax Years 2006-2009. The object of Defendant's agreement and conspiracy with Parkinson and Akaragian was to avoid the taxation of portions of income Defendant received and thus to defraud the Internal Revenue Service and the United States.

2. In concert with Parkinson and Akaragian, Defendant caused to be prepared certain fraudulent items in support of fraudulent tax returns for Defendant and his entities for Tax Years 2006-2009. Defendant knew that the certain items he caused to be prepared were fraudulent because, among other things, they omitted payments to Defendant that were taxable as income and created certain false business expense deductions, thereby reducing Defendant's taxable income and tax due. Defendant and Parkinson provided those materials to Akaragian to use in preparing the tax returns knowing that certain items were false and designed to evade Defendant's true income tax obligations.

3. These books and records reclassified Defendant's personal expenses as business expenses. The certain fraudulent business expenses included payments to Defendant's female companions, including J.M. and E.N., for cars, houses, and jewelry. Additionally, the certain fraudulent business expenses included Defendant's payment of a portion of his gambling debts, purchase of luxury automobiles, real property, personal gifts, home improvements, and transfers among entities that Defendant owned.

4. Defendant knew that the certain business expenses and financial information in the books, statements, registers, and financial records he and Parkinson prepared were false and evaded the assessment and reporting of Defendant's true income and tax due.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any

purpose. If the Defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument, or representation offered by or on the Defendant's behalf. The Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.   <u>Discretionary Nature of Sentencing Guidelines</u>. The Defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG," "Sentencing Guidelines," or "Guidelines") in determining the Defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   <u>Offense Level Calculations</u>.

The Defendant and the Government are requesting that, prior to sentencing, the Court convene an evidentiary hearing on the tax loss/restitution figure to be used in sentencing Defendant and imposing any restitution obligation. Because the determination of this tax loss figure will affect the Court's calculation of Defendant's sentencing guideline exposure under USSG §§ 2T1.9(a)(1); 2T1.1(a)(1); 2T1.4(a)(1); 2T4.1, the parties have not stipulated to recommend a particular offense level calculation at this time. Defendant and the Government agree to be bound by the Court's tax loss/restitution figure in arguing Defendant's offense level calculation and ultimate sentence.

The Defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG § 3E1.1(a), the United States will recommend that the Defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (d) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (e) attempts to withdraw his guilty plea; (f) commits or attempts to commit any crime; (g) fails to appear in court; or (h) violates the conditions of pretrial release.

Under USSG §3E1.1(b), if the Court determines that the Defendant's total offense level, before operation of § 3E1.1(a), is 16 or higher, and if the United States recommends a two-level downward adjustment pursuant to the preceding paragraph, the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the Defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

D. <u>Criminal History Category</u>. The Defendant acknowledges that the

Court may base its sentence in part on his criminal record or criminal history and that the Court will determine the Defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider all relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the Defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the Defendant to withdraw his guilty plea.

Except as elsewhere provided in this written agreement, he parties agree that neither party will argue for additional adjustments, enhancements, variances, or departures from the Sentencing Guidelines range stipulated above. The Defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The Defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and/or makes other sentencing determinations as appropriate, and that the Court's reliance on such information shall not be grounds for the Defendant to withdraw his guilty plea.

G.  **Group Plea Reduction:** In the event all of the defendants enter into a plea agreements by the deadline set by the Government, the Government will recommend an additional two (2) level decrease to the defendant's base offense level pursuant to *U.S. v. Caro*, 997 F.2d 657 (9th Cir. 1993).

## VII. APPLICATION OF SENTENCING STATUTES

A.  **Maximum Penalty.**

The maximum penalty for Conspiracy to Defraud the United States under 18 U.S.C. § 371 is 5 years' imprisonment, a fine of $250,000, or both.

B.  **Factors Under 18 U.S.C. § 3553.** The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence.

C.  **Parole Abolished.** The Defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.  **Supervised Release.** In addition to imprisonment and a fine, the Defendant will be subject to a term of supervised release not greater than three (3) years. 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1)). Supervised release is a period of time after release from prison during which the Defendant will be subject to various restrictions and requirements. If the Defendant violates any condition of supervised release, the Court may order the Defendant's return to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

E.   <u>Special Assessment</u>. The Defendant will pay a $100 special assessment per count at the time of sentencing.

## VIII. RESTITUTION

The Defendant agrees to pay restitution to the United States in an amount determined by the Court prior to sentencing. Such restitution shall include income taxes due and owing for the conduct alleged in Counts 1 and 49-52, of the Second Superseding Indictment filed on February 11, 2014. Defendant agrees to pay restitution for Counts 49-52 even though those counts are being dismissed as part of this negotiation. Defendant and the United States retain the full right to argue the amount of restitution owed by the Defendant under this agreement for Counts 1 and 49-52. The parties will request that the Court convene an evidentiary hearing on this matter prior to sentencing Defendant. Defendant understands and agrees that the final tax restitution figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. §

6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

Defendant agrees to send restitution payments to the IRS at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

With each payment to the IRS, Defendant will provide the following information:

a. Defendant's name and Social Security number;
b. The District Court and the docket number assigned to this case;
c. Tax year(s) or period(s) for which restitution has been ordered; and
d. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to send to the Clerk of the District Court and to the U.S. Attorney's Office Financial Litigation Unit notice of payments sent directly to the IRS, at the following addresses:

> Clerk of Court
> Lloyd D. George U.S. Courthouse
> U.S. District Court
> District of Nevada – Las Vegas
> 333 Las Vegas Blvd. South
> Las Vegas, NV 89101
>
> Financial Litigation Unit
> United States Attorney's Office – District of Nevada
> 501 Las Vegas Blvd., South
> Las Vegas, NV 89101

A failure to send payments to the specific IRS address set forth above, or a failure to include all of the information listed above, may result in a delay in the application of the payment or result in the IRS applying the payment in the best interest of the United States, including application to taxes or periods other than those identified above.

The $158,677.17 in United States currency, the $761,515.36 in United States

currency, and the $844,586.92 in United States currency, which the government seized through judicially authorized civil forfeiture seizure warrants based on fraud and are listed in Forfeiture Allegation One of the Second Superseding Criminal Indictment, shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant.

### X.  POSITIONS REGARDING SENTENCE

The Government agrees to argue for no greater than a 36 month term of imprisonment either as a guidelines sentence or after considering the 3553(a) factors. The Defendant is free to argue for any lawful sentence under the 3553(a) factors, including for probation. The Defendant acknowledges that the Court does not have to follow this recommendation. Notwithstanding its agreement to argue for no greater than 36 months imprisonment, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

### XI.  FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before and after sentencing, and upon request by the Court, the United States, or the Probation Office, the Defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets. The Defendant will release such funds and property under his control in order to pay any assessment and/or fine imposed by the Court.

### XII.  THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A.  <u>Plea Agreement and Decision to Plead Guilty</u>. The Defendant acknowledges that:

1. He has read this Plea Agreement and understands its terms and conditions;

2. He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

3. He has discussed the terms of this Plea Agreement with his attorney;

4. The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

5. He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The Defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The Defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution.

1    The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The Defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The Defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.  Removal/Deportation Consequences. The Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The Defendant has also been advised that if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The Defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

///

///

XIII. ADDITIONAL ACKNOWLEDGMENTS

1    This Plea Agreement resulted from an arms-length negotiation in which both
2 parties bargained for and received valuable benefits in exchange for valuable
3 concessions. It constitutes the entire agreement negotiated and agreed to by the
4 parties. No promises, agreements or conditions other than those set forth in this
5 agreement have been made or implied by the Defendant, the Defendant's attorney,
6 or the United States, and no additional promises, agreements or conditions shall have
7 any force or effect unless set forth in writing and signed by all parties or confirmed
8 on the record before the Court.

DAYLE ELIESON
United States Attorney

8/31/18
DATE

PATRICK BURNS
Assistant United States Attorney
Counsel for the United States of America

8/31/18
DATE

RICHARD A. WRIGHT, ESQ.
GEORGE P. KELESIS, ESQ.
Counsel for Defendant

August 31st 2018
DATE

RAMON DESAGE
Defendant