# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Ramon Desage, et. al,

    Defendants

Case No.: 2:13-cr-00039-JAD-VCF

**Order Denying Ramon Desage's Request to Produce Additional Witnesses and Evidence for the Tax-loss Restitution Hearing**

[ECF No. 309]

    Ramon Desage pled guilty to one count of conspiracy to defraud the United States under a written plea agreement.[1] Although Desage admits in his plea agreement to conspiring to cause fraudulent federal income tax returns to be filed for himself and his entities for the tax years 2006–2009,[2] the parties dispute the amount of the tax loss and leave that valuation to the court. For two days of evidentiary hearings, they presented experts and their reports. The government offered the testimony of IRS Revenue Agent Kay Fall, who calculated a total tax harm of more than $28 million. Desage relies on the opinion of his CPA Michael Aloian, who theorizes that Desage, a high-rolling gambler who often left casinos carrying large sums of cash, satisfied approximately $28 million in business expenses with cash, erasing that tax loss.

    At the end of the second day of those loss-amount hearings, Desage's attorneys announced that they needed yet another hearing day—this time to put themselves on the stand to testify about "certain exhibits" discussed during the preindictment negotiations they conducted on behalf of Desage.[3] Because this issue struck me as attenuated, and the idea of having

---

[1] ECF No. 285.

[2] *Id*. at 4.

[3] ECF No. 313 at 118–119 (hearing transcript, day 2).

Desage's attorneys put themselves on the stand to discuss negotiations raised significant ethical and evidentiary concerns, I asked the attorneys to brief these issues.[4] In their motion, Desage's counsel explains that they need several more hours to present themselves to testify about the authenticity of certain exhibits.[5] The government responds by pointing out that it stipulated to those exhibits, eliminating Desage's concerns.[6] In its reply, the defense contends that it will need to present the testimony of Desage himself to testify about what happened to the cash.[7]

Even if I were to find that it is proper for Desage's counsel to put themselves on the stand to authenticate documents and reveal the details of years-old settlement negotiations, I do not find that such testimony is material here in light of the fact that the government has stipulated to the admissibility of the exhibits. And the notion that anything that happened in the hearing has now necessitated that Desage himself testify is meritless. Both sides in this six-year-old prosecution were well aware of the government's loss calculation and that Mr. Aloian's response was to theorize that unaccounted-for cash in an amount roughly equal to the government's loss calculation was used to satisfy business expenses. Desage would have been the most natural witness to discuss those alleged cash payments, but at no time before or during these two days of hearings did the defense suggest that they intended to have Desage testify. This timing suggests only sandbagging and an attempt to further delay Desage's sentencing on the plea that he entered five months ago. So, the request to continue this tax-loss hearing to allow the defense to present additional witnesses is denied.

The court will allow each side to present the following briefing, however:

---

[4] *Id*. at 119–121.
[5] ECF No. 309.
[6] ECF No. 311.
[7] ECF No. 312.

**Government's opening brief regarding the tax loss due February 15, 2019**. This brief is limited to 15 pages. The purpose of this brief is to summarize the evidence presented at the hearings and how it supports the government's burden of proof regarding the tax loss.

**Desage's response brief regarding the tax loss due February 25, 2019**. This brief is limited to 20 pages. The purpose of this brief is to summarize the evidence presented at the hearings and how it fails to support the government's burden of proof regarding the tax loss or supports the defendant's position.

**Government's reply brief regarding the tax loss due March 4, 2019**. This brief is limited to 10 pages.

The parties are cautioned that they may reference exhibits introduced during the hearing only and should do so without attaching copies of the exhibits as the court has them in evidence; the parties may not offer new evidence. Requests for enlargement of time or page limits are highly discouraged because the court is aware of the issues and evidence after two days of evidentiary hearings, and additional time and pages should not be necessary.

**IT IS THEREFORE ORDERED** that Ramon Desage's Request to Produce Additional Witnesses and Evidence for the Tax Loss Restitution Hearing **[ECF No. 309] is DENIED**. **The government's opening brief regarding tax loss is due February 15, 2019; Desage's response brief is due February 25, 2019, and the government's reply brief is due March 4, 2019.**

Dated: February 5, 2019

_____
U.S. District Judge Jennifer A. Dorsey